**No. 48186.**—Protests 42199–K, etc., of Hudson Shipping Co., Inc. (New York).

Opinion by Ekwall, J. These cases are before the court on a motion by the Assistant Attorney General to dismiss, on the ground that they do not present a cause of action falling within the terms of section 514, Tariff Act of 1930, which permits the filing of protests against decisions of the collector of customs and prescribes the conditions and limitations governing the filing of such protests. The declaration or complaint in both cases is substantially the same, except for entry number, name of vessel, etc., and is in the following language:

We hereby protest against the liquidation of Entry #336934 and of demand made for the payment of duties in the amount of $596.82 covering an importation of antiques, etc., which arrived ex S/S "President Harding", December 23, 1936 for the ultimate account of the owner, Mrs. Talbot Taylor, in care of the American Art Association, Anderson Galleries, 30 East 57th Street, New York City.

\* \* \* \* \* \* \*

It is the opinion of the court that the motion should be granted but for reasons differing somewhat from those suggested by Government counsel. Inasmuch as the protests challenge a liquidation made by the collector it was found that they present a matter that is cognizable by this court, under said section 514, providing for "\* \* \* decisions of the collector, including \* \* \* his liquidation or reliquidation of any entry \* \* \*." The court, therefore, could not base its judgment of dismissal on the ground of lack of jurisdiction. However, section 514 requires the importer to do something more than merely register his objection to the liquidation. It will be observed that the protests do not voice a single objection to any of the classifications, nor do they point to any provision of law that was violated in the liquidations complained of. Neither do they suggest in any way what the importer might deem the correct classification. It was therefore held that the protests failed utterly to comply with the requirements of the statute. The recital of the brokers who filed the protests respecting what took place at or about the time of entry, including the seizure and forfeiture of the goods because of the misrepresentations as to their character made by the said

brokers, and who are the protestants herein, was found to have nothing to do with the liquidation; these alleged facts were held quite irrelevant and immaterial, so far as the liquidation is concerned. The motion to dismiss the protests was granted.